# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 15-cr-00545-YGR-1 |
| Plaintiff**,** | |
| vs. | **ORDER RE: UNITED STATES' MOTION FOR EXCLUSION OF TIME** |
| **KEITH HOPKINS,** | Re: Dkt. No. 40 |
| Defendant**.** | |

On September 19, 2016, the government filed a motion for exclusion under the Speedy Trial Act pursuant to Title 18, United States Code, section 3161. (Dkt. No. 40.) On September 29, 2016, the government filed a notice of appeal (Dkt. No. 41), appealing this Court's order granting defendant's motion to suppress certain evidence (Dkt. No. 37). This Court ordered the parties to meet and confer regarding the government's motion for exclusion of time, requiring the parties to submit a joint statement calculating the days remaining on the government's clock. (Dkt. No. 45.) On October 13, 2016, the parties filed their response. The Ninth Circuit issued its mandate on the government's appeal on August 7, 2017. (Dkt. No. 54.) Still pending before the Court is the government's motion to exclude time.

This motion arises due to a dispute over the proper calculation of the days excluded under the Speedy Trial Act. The parties agree on the following: (i) eleven (11) days elapsed on the clock between the filing of an indictment on September 19, 2015 and a court appearance on December 1, 2015; (ii) eighteen (18) days elapsed between this Court's order on defendant's motion to suppress issued on August 31, 2016 and the government's filing of their motion to exclude time on September 19, 2016; and (iii) no time elapsed after the filing of the government's interlocutory appeal on September 29, 2016. (Dkt. No. 41.)[1] The parties dispute, however,

---

[1] The government initially agreed that no reason existed to exclude time between this Court's order on defendant's motion to suppress and the status conference set for October 13,

whether the time between September 19, 2016 and September 29, 2016 is excludable under the Speedy Trial Act. Defendant contends that it is not excludable, and thus, only thirty-one (31) days remain, and the government argues otherwise resulting in forty-one (41) remaining days.

The government raises two arguments: First, that such time is properly excluded pursuant to 18 U.S.C. section 3161(h)(7)(B)(iv), which provides that time may be excluded to provide counsel with "reasonable time necessary for effective preparation," under some circumstances. Here, the government contends that exclusion is appropriate because it needed time to research and evaluate whether to file an interlocutory appeal. Second, that upon its filing of a motion to exclude time on September 19, 2016, the speedy trial clock stopped, pursuant to 18 U.S.C. section 3161(h)(1)(D) which provides that a period of delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded. 18 U.S.C. § 3161(h)(1)(D); *see also United States v. Tinklenberg*, 563 U.S. 647, 650 (2011) (holding that the "filing of a pretrial motion falls within [the exclusion under 18 U.S.C. § 3161(h)(1)(D)] irrespective of whether it actually causes, or is expected to cause, delay in starting a trial").

The government does not persuade. First, no precedent exists for the government's position that time should be excluded to allow the government the opportunity to consider whether an interlocutory appeal should be taken. The Speedy Trial Act does exclude time for any period of delay *resulting from* an interlocutory appeal. 18 U.S.C. § 3161(h)(1)(C); *see also United States v. Motamedi*, 767 F.2d 1403, 1415 (9th Cir. 1985) (noting that the Speedy Trial Act excludes time "during which an interlocutory appeal is pending"). However, it does not exclude the time during which a party is considering whether to initiate an interlocutory appeal. The logical conclusion from the absence of such language, along with the Act's explicit exclusion of time pending an interlocutory appeal, is that such time is not excludable. Second, again, the government provides no authority, and the Court is aware of none, supporting its position that a motion to exclude time

---

2016. However, upon reconsideration and prior to filing a notice of appeal, the government filed a motion to exclude time until the next status conference to provide the government with the opportunity conduct research and evaluate whether to appeal this Court's order on defendant's motion to suppress. (Dkt. No. 40 at 2.)

2

under the Speedy Trial Act constitutes a "pretrial motion" for the purposes of excluding time. Such a result would defy logic, and create perverse incentives for parties to freeze the clock unilaterally by filing a motion to exclude time, particularly here, where the government would otherwise not have had such time to evaluate whether to file an interlocutory appeal. The Court rejects the government's attempt to create additional time to evaluate the merits of an interlocutory appeal when the Speedy Trial Act does not so provide, by filing a motion exclude time.

Accordingly, the Court **DENIES** the government's motion to exclude time. The Court **FINDS** that thirty-nine (39) days have elapsed under the Speedy Trial Act, and, therefore, only thirty-one (31) days remain.

This Order terminates Docket Number 40.

**IT IS SO ORDERED.**

Dated: August 8, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**