**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff**,**<br>vs.<br>**KEITH HOPKINS,**<br>Defendant**.** | CASE NO. 15-cr-00545-YGR-1<br><br>**ORDER RE: MOTION FOR EXTENSION OF TIME AND MOTION TO REMOVE ORDER FROM DOCKET**<br><br>Re: Dkt. Nos. 83, 85 |

The Court has received defendant's motion for extension of time (Dkt. No. 83) and motion to remove an order from the docket (Dkt. No. 85). As defendant has not yet filed his motion pursuant to Section 2255, it is unclear whether the Court has jurisdiction over defendant's motion for an extension of time to so file. There is a split among the Circuit Courts of Appeal over whether district courts have jurisdiction to consider a defendant's application for an extension to file a 28 U.S.C. §2255 motion to vacate. *Compare United States v. Thomas*, 713 F.3d 165 (3d Cir. 2013) (holding that a district court does have such jurisdiction); *with United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000) (per curiam) (holding that a district court may not rule on a motion for an extension of time to file a Section 2255 motion because no case or controversy exists until a formal request for Section 2255 relief has been made). The Ninth Circuit has not yet addressed the issue. Thus, the Court **DENIES** defendant's motion for an extension of time. Defendant should file his motion for Section 2255 relief as quickly as possible, at which point the Court will review the timeliness of the motion and address any reasons for tolling of the one-year statute of limitations.

Additionally, the Court **GRANTS** defendant's motion to remove from public viewing on the docket the Ninth Circuit's July 12, 2017 memorandum in Case No. 16-10420. The Court instructs the clerk to lock Docket Numbers 49 and 85.

1   This Order terminates Docket Numbers 83 and 85.

2   **IT IS SO ORDERED.**

4   Dated: April 5, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**