# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>**KEITH HOPKINS,**<br><br>　　　　　Defendant. | CASE NO.  4:15-cr-00545-YGR<br><br>**ORDER DENYING EMERGENCY MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)**<br><br>Re: Dkt. No. 106 |

Defendant Keith Hopkins is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Corrections Institute in Lompoc, California ("FCI Lompoc").  Hopkins moves for an order modifying his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A), requesting that the Court reduce his sentence to time served or, alternatively, impose the balance of the period of his original sentence as a period of supervised release and such other conditions as the Court deems necessary.

The Court has jurisdiction to grant the relief requested[1] and, having carefully considered the papers and evidence submitted in support of the motion and the report provided by U.S. Probation, the Court **DENIES** the motion.

## DISCUSSION

On September 21, 2017, Hopkins pled guilty to violations of 21 U.S.C. sections 841(a)(1)

---

[1]  The Court has jurisdiction given that 30 days have elapsed since Hopkins submitted a request for compassionate release on May 4, 2020 to the warden at FCI Lompoc.  In fact, the Court previously denied a motion for compassionate release.  (Dkt. No. 97.)

United States District Court<br>Northern District of California

United States District Court
Northern District of California

1  and (b)(1)(B)(iii) (possession with intent to distribute 28 grams or more of cocaine base) and 18

2  U.S.C. section 924(c)(1)(A)(i) (using or carrying a firearm during and in relation to a drug

3  trafficking crime).  On January 11, 2018, the Court sentenced Hopkins to a term of imprisonment

4  of 120 months in the custody of the BOP and five years of supervised release.  (Dkt. No. 74.)  The

5  BOP's website reflects Hopkins's release date as March 26, 2024.[2]

6  Section 3582 provides that a "court may not modify a term of imprisonment once it has

7  been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of

8  the defendant."  18 U.S.C. § 3582(c)(1)(A).  After considering the sentencing factors from 18

9  U.S.C. section 3553(a) "to the extent that they are applicable," a court may grant a motion to

10  reduce a sentence under two circumstances, one of which is "if it finds that . . . extraordinary and

11  compelling reasons warrant such a reduction" and "that such a reduction is consistent with

12  applicable policy statements issued by the Sentencing Commission."  *Id*. § 3582(c)(1)(A)(i).

13  With respect to whether an "extraordinary or compelling reason" justifies release, Hopkins

14  argues that he is especially vulnerable to contracting COVID-19 as he suffers from sleep apnea,

15  hypertension, and obesity.  Hopkins further asserts that "conditions at FCI Lompoc are particularly

16  dire" and that he is "trapped within a unit that is teeming with COVID-19 cases."  While the

17  reports of worsening conditions at FCI Lompoc are deeply troubling, "[g]eneral concerns about

18  possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons

19  for a reduction in sentence set forth in the Sentencing Commission's policy statement on

20  compassionate release, U.S.S.G. §1B1.13."  *United States v. Eberhart*, 448 F. Supp. 3d 1086,

21  1090 (N.D. Cal. Mar. 25, 2020) (Hamilton, J.).  Moreover, the Court finds that Hopkins's claimed

22  medical conditions do not put him at high risk of *severe* illness from COVID-19 based on current

23  Centers for Disease Control guidance.[3]  While the Court acknowledges that the degree to which

24  prior infection protects against re-infection is not certain, the fact that defendant has contracted

25  and since recovered from COVID-19 supports the finding that he is not at higher risk of serious or

---

27  [2] *See* https://www.bop.gov/inmateloc/ (last visited Feb. 17, 2021).

28  [3] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-athigher-risk.html (updated Jan. 4, 2021).

2

1  fatal complications associated with COVID-19.  Therefore, the Court is not persuaded that there

2  exists an "extraordinary or compelling reason" for defendant's release.

3         Nonetheless, the Court has reviewed its file in this matter thoroughly, including the

4  Probation Office's presentencing report submitted at the time of sentencing.  The Court takes into

5  account whether the defendant is a danger to the safety of any other person or to the community,

6  as provided in 18 U.S.C. section 3142(g).  Finally, the Court considered the factors under 18

7  U.S.C. section 3553(a), which also do not support Hopkins's request for compassionate release.

8  The law and the specific facts of this case weigh against any granting of this motion.

9         For the foregoing reasons, defendant's motion for compassionate release is **DENIED**.

10  This Order terminates Docket No. 106.

11  **IT IS SO ORDERED.**

12

13  Dated: February 17, 2021

14                                                      **YVONNE GONZALEZ ROGERS**
                                                         **UNITED STATES DISTRICT JUDGE**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California